# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2021

Lyle W. Cayce
Clerk

No. 20-11090
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MACLEAN MAFO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-441-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Maclean Mafo pled guilty pursuant to a written plea agreement to one count of wire fraud in violation of 18 U.S.C. § 1343. In the plea agreement, Mafo consented to waive his right to appeal his sentence, including the amount of any restitution ordered, but he reserved the right to appeal a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11090

sentence that exceeded the statutory maximum punishment. Mafo also agreed that the maximum possible penalties included "restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone."

The plea stemmed from Mafo's participation in a scheme to file fraudulent tax returns using stolen taxpayer information and electronic filer identification numbers (EFINs). The district court sentenced Mafo to a within-guidelines term of 98 months in prison and ordered him to pay restitution of $1,999,083, the entire actual loss amount attributed to the scheme. On appeal, Mafo argues that the restitution order improperly includes losses not proximately caused by his relevant conduct.

The parties disagree whether Mafo's plea agreement bars this appeal. Because Mafo's argument fails on the merits, we assume without deciding that Mafo's appeal waiver does not bar his argument that the restitution order included losses that he did not proximately cause.

"We review 'the legality of a restitution order de novo and the amount of the restitution order for an abuse of discretion.'" *United States v. Beacham*, 774 F.3d 267, 278 (5th Cir. 2014) (quoting *United States v. Arledge*, 553 F.3d 881, 897 (5th Cir. 2008)). "The district court 'abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.'" *Id.* (quoting *United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. 2008)). The district court's factual findings in support of a restitution award are reviewed for clear error. *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012) (citing *United States v. Beydoun*, 469 F.3d 102, 107 (5th Cir. 2006)).

Where, as here, a defendant consents to restitution for relevant conduct, the restitution amount may include losses arising from "all acts and

omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." *United States v. Benns*, 740 F.3d 370, 374 (5th Cir. 2014); *see also* U.S.S.G. § 1B1.3(a)(2). In concluding that Mafo owed $1,999,083 in restitution, the district court credited the Government's evidence, including the testimony of IRS Special Agent Elise Attaway linking the fraudulent filings to the scheme for which Mafo was convicted; Mafo's own admissions and communications with his associates regarding the scheme; the presence in his phone of EFIN information, taxpayer information, passwords, and account information associated with the fraudulent returns; and evidence of fraudulent filings from the internet protocol addresses of motels while Mafo was present there. Although the Government could not link Mafo directly to every false return, the district court could (and did) infer such a link based on Special Agent Attaway's testimony. *See United States v. Myers*, 772 F.3d 213, 220 (5th Cir. 2014) (citing *United States v. Wilcox*, 631 F.3d 740, 755 (5th Cir. 2011); *United States v. Juarez*, 626 F.3d 246, 251 (5th Cir. 2010)).

Based on the foregoing, the district court did not err in concluding that the evidence established that Mafo's fraud proximately caused $1,999,083 in actual losses to the IRS.

AFFIRMED.